# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**HENRY J. CHOICE,**

    **Plaintiff,**

**vs.**                                       **Case No. 4:22cv427-MW-MAF**

**CHEROKEE EQUIPMENT,**

    **Defendant.**

_____/

## **REPORT AND RECOMMENDATION**

Plaintiff, proceeding pro se, initiated this case by submitting a civil rights complaint, ECF No. 1, and an in forma pauperis motion, ECF No. 2. An Order was entered on December 6, 2022, explaining that Plaintiff's motion, ECF No. 2, was insufficient to proceed. ECF No. 4. The Order required Plaintiff to submit a legible, amended in forma pauperis motion in which Plaintiff answered all questions on the form, listed his salary, clarified whether he owns or rents his property, and explain his comment that Plaintiff has no monthly financial obligations for rent or a mortgage. ECF No. 4.

Plaintiff was required to file an amended motion by **December 29, 2022**.  ECF No. 4.  As of this date, Plaintiff has not complied.

Furthermore, because Plaintiff's initial complaint was insufficient as filed, *see* ECF No. 1, Plaintiff was also required to file an amended complaint.  Plaintiff was required to clarify his allegations and state whether the named Defendant was located in Georgia.  ECF No. 4.  Because Plaintiff said that he resided in Bainbridge, Georgia, it was suggested to Plaintiff that this case should be transferred.  *Id.*  However, until Plaintiff provided sufficient information to determine venue, no further action would be taken.  Indeed, Plaintiff was informed that no further action would be taken in this case until he complied with that Order.  ECF No. 4.

On December 20, 2022, Plaintiff submitted a motion, ECF No. 5.  The motion is incomprehensible.  It is also not responsive to the prior Order.

Notably, the Order informed Plaintiff that a recommendation would be made to dismiss this case if he did not comply by the deadline provided.  ECF No. 4.  It appears that Plaintiff has abandoned this litigation.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order.  See Ciosek v. Ashley, No.

3:13cv147-RV-CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015). The Court has inherent power "to dismiss sua sponte for lack of prosecution" as courts must necessarily have authority "to manage their own affairs . . . . " Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1. Furthermore, the Eleventh Circuit Court of Appeals has noted that "[w]hile dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). It is within this Court's discretion and "inherent authority" to dismiss this case for failing to comply with a court Order. Smith v. Bruster, 424 F. App'x 912, 915 (11th Cir. 2011) (stating it "was within the district court's discretion to dismiss the plaintiffs' § 1983 action without prejudice either under Rules 11 and 41(b) or under its inherent authority"). Here Plaintiff was forewarned and did not respond to a Court Order; dismissal is appropriate.

Case No. 4:22cv427-MW-MAF

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order, and the pending motion, ECF No. 5, be **DENIED as moot**.

**IN CHAMBERS** at Tallahassee, Florida, on January 11, 2023.


 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**